# In the United States Court of Federal Claims

No. 21-1494C
Filed: December 10, 2021
Reissued: December 16, 2021[*]
NOT FOR PUBLICATION

---

SQUIRE SOLUTIONS, INC.,

*Plaintiff,*

v.

UNITED STATES,

*Defendant.*

---

*Alan Grayson*, Windermere, FL, for the plaintiff.

*Sheryl L. Floyd*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for the defendant.

## MEMORANDUM OPINION AND ORDER

**HERTLING, Judge**

The plaintiff, Squire Solutions, Inc. ("Squire"), seeks reconsideration of the Court's order and judgment issued on September 30, 2021. In this post-award bid protest, the Court denied the plaintiff's motion for judgment on the administrative record and the defendant's motion to dismiss but granted the defendant's cross-motion for judgment on the administrative record. The Court found that the plaintiff had failed to establish that the agency's evaluation and re-evaluation of the plaintiff's proposal were arbitrary and capricious or tainted by bias. *Squire Sols., Inc. v. United States*, No. 21-1494C, 2021 WL 4805540 (Fed. Cl. Sept. 30, 2021).

The plaintiff has moved for reconsideration under Rules 59(a) and 60(b) of the Rules of the Court of Federal Claims ("RCFC") and requests that the Court reconsider its findings and alter or amend its judgment. The plaintiff alleges two grounds for reconsideration: (1) the Court failed to apply the appropriate standard of review to the agency's evaluation of the plaintiff's

---

[*]Pursuant to the protective order in this case, the Court initially filed this opinion under seal on December 10, 2021, and directed the parties to propose redactions of confidential or proprietary information by December 17, 2021. The defendant has informed the Court that neither party proposes any redactions. (ECF 35.) Accordingly, the Court hereby releases in full the memorandum opinion and order of December 10.

proposal, and (2) the Court failed to resolve whether the evaluators' conduct comports with the standards of the Federal Acquisition Regulations ("FAR").

The defendant, the United States, opposes the plaintiff's motion, arguing that the Court did not commit any error and that the plaintiff has not met its burden to justify reconsideration.

The plaintiff's motion fails to demonstrate any clear error or manifest injustice to justify reconsideration. Accordingly, the plaintiff's motion for reconsideration is denied.

## I.    BACKGROUND[1]

This post-award bid protest concerns a decision of the Department of the Navy not to award to the plaintiff a contract under the Department of Defense's Small Business Innovation Research 20.2 Program Broad Agency Announcement ("BAA"). (AR 799.)

Before filing the case here, the plaintiff had challenged the Navy's decision and evaluation of the plaintiff's proposal with the Navy and at the Government Accountability Office ("GAO"). In response to the plaintiff's agency-level protest, the Navy took corrective action to re-evaluate the plaintiff's proposal but ultimately decided not to select the plaintiff's proposal for award. (AR 821.) The plaintiff then filed a protest with the GAO. In response to the plaintiff's allegations of bias before the GAO, the Navy requested that the GAO dismiss the protest so that the Navy could undertake the corrective action of investigating the plaintiff's allegations of bias. (AR 858.) The Navy's investigation concluded "that no violations to the Procurement Integrity Act have occurred and the allegations of bias cannot be substantiated." (AR 867.) The plaintiff filed a second protest with the GAO. On June 10, 2021, the GAO dismissed the protest, finding "no basis to conclude that the Navy violated applicable solicitation provisions or regulations, or that the evaluation was otherwise unreasonable." *Squire Sols., Inc.*, B-419477.2, 2021 CPD ¶ 229, 2021 WL 2412783, at *5 (Comp. Gen. June 10, 2021). The GAO also found no basis to conclude that the Navy's evaluation was tainted by bias. *Id.* at *6-9.

Following the GAO's denial of the plaintiff's protest, the plaintiff filed suit in this court on June 21, 2021. (ECF 1.) In its complaint, the plaintiff alleged that the Navy's evaluation and re-evaluation of the plaintiff's proposal were "arbitrary, capricious, an abuse of discretion, not in accordance with law, and without the observance of procedures required by law" (*id.* ¶ 51), and that the proposal evaluators exhibited bias against the plaintiff for filing a protest during the re-evaluation (*id.* ¶ 52).[2]

---

[1] For a full recitation of the facts, see the Court's memorandum opinion on the merits of this case, *Squire Sols., Inc.*, 2021 WL 4805540, at *1-7. The facts here are only a background summary relevant to the plaintiff's motion for reconsideration.

[2] The plaintiff's complaint also alleged a third claim protesting the award of a contract to its competitor. (ECF 1, ¶ 53.) That claim was voluntarily dismissed before the parties filed their motions for judgment. (ECF 14.)

The plaintiff moved for judgment on the administrative record and requested a permanent injunction and other appropriate relief. (ECF 17.) The defendant moved to dismiss the plaintiff's complaint or, in the alternative, cross-moved for judgment on the administrative record. (ECF 18.) The Court heard oral argument on September 9, 2021.

On September 30, 2021, the Court granted the defendant's motion for judgment on the administrative record and denied the plaintiff's motion for judgment on the administrative record and the defendant's motion to dismiss. (ECF 23 & 24.) The Court found that, although the plaintiff had made the requisite showings to establish jurisdiction and standing, the plaintiff had failed to establish on the merits that the Navy's evaluation of the plaintiff's proposal was arbitrary and capricious or tainted by bias.

After entry of judgment, the plaintiff filed a timely motion under RCFC 59(a) seeking reconsideration of the Court's ruling. (ECF 28.) The defendant opposes that motion. (ECF 32.) The matter has been fully briefed, and the Court has determined that oral argument is not necessary to resolve the plaintiff's motion.

## II.    STANDARD OF REVIEW

RCFC 59 establishes the standard for a motion for reconsideration:

> The Court may, on motion, grant a new trial or a motion for reconsideration on all or some of the issues—and to any party—as follows:
>
> (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court;
>
> (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or
>
> (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1).[3]

---

[3] The plaintiff also filed its motion under RCFC 60(b)(1). (ECF 28 at 1-2.) RCFC 59 and RCFC 60 are similar in purpose, both allowing a party to seek reconsideration of a court's decision. Under RCFC 59, a motion for reconsideration must be brought within 28 days of the decision for which reconsideration is sought. RCFC 59(b). Under RCFC 60(b), the timeline for seeking reconsideration is longer.

Courts evaluate motions under RCFC 59 and RCFC 60 under similar standards and in some instances consider both rules in analyzing a litigant's claim. *See, e.g.*, *Cyios Corp. v. United*

"Under [RCFC] 59(a)(1), a court, in its discretion, may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (internal quotation and citation omitted).

"Reconsideration of a judgment is not intended to permit a party to [reargue] its case when it previously was afforded a full and fair opportunity to do so." *Peretz v. United States*, 151 Fed. Cl. 465, 468 (2020), *appeal pending*, No. 21-1831 (Fed. Cir.). Rule 59 does not provide an opportunity to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, (2008) (internal quotation and citation omitted); *see also Peretz*, 151 Fed. Cl. at 468; *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002); *Principal Mut. Life Ins. Co. v. United States*, 29 Fed. Cl. 157, 164 (1993).

Given its limited purpose, a "[m]otion[ ] for reconsideration must be supported by a showing of extraordinary circumstances which justify relief." *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (internal quotation and citation omitted). In the case of a party seeking reconsideration on the ground of manifest injustice, that party must demonstrate that such injustice is "apparent to the point of being almost indisputable." *Pac. Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 785 (2006), *aff'd in part and rev'd on other grounds*, 536 F.3d 1282 (Fed. Cir. 2008); *accord Biloxi Marsh Lands Corp. v. United States*, No. 12-382, 2021 WL 4979879, at *4 (Fed. Cl. Oct. 27, 2021).

## III. DISCUSSION

The plaintiff raises two arguments as grounds for reconsideration. First, the plaintiff argues that the Court failed to apply the appropriate standard of review to the Navy's evaluation. (ECF 28 at 2-23.) Second, the plaintiff argues that the Court failed to resolve whether the evaluators' conduct comports with the standards of the FAR. (*Id.* at 23-25.)

Believing that it should have succeeded on the merits, the plaintiff also argues that the Court should order injunctive relief. (*Id.* at 25-27.)

---

*States*, 124 Fed. Cl. 107, 114 (2015) (considering a motion brought pursuant to both RCFC 59 and 60 under both rules); *Webster v. United States*, 93 Fed. Cl 676, 680 (2010) (same). While the shorter deadline of RCFC 59 at times constrains a court to consider a motion only under RCFC 60, the filing in this case of a timely motion under RCFC 59 presents no such limitation. *See Bowling v. United States*, 93 Fed. Cl. 551, 561 n.1 (2010) (noting that because the plaintiff's motion was "timely filed under RCFC 59" the court would address the motion under RCFC 59 rather than RCFC 60). Accordingly, the Court will treat the plaintiff's motion as one under RCFC 59 and merge the RCFC 60(b) motion into the RCFC 59 motion.

### A.        Review of Agency's Evaluation

In a bid protest, the court reviews an agency's evaluation and decision under the standard of review set forth in the Administrative Procedure Act ("APA"), which authorizes courts to set aside the agency's action only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); 28 U.S.C. § 1491(b)(4) (incorporating the standard of 5 U.S.C. § 706). This review is "highly deferential" to the procuring agency's decision. *Advanced Data Concepts, Inc. v. United States*, 216 F.3d 1054, 1058 (Fed. Cir. 2000).

The plaintiff challenges the Court's review of the Navy's decision on three grounds: (1) the review was not "searching and careful"; (2) the defendant failed to engage with the merits of the agency decision and thus waived those arguments; and (3) the Court should have found the evaluators' disparate perspectives arbitrary and capricious. These arguments are not only ineffectual but also in many instances simply redundant of arguments the Court already considered and rejected on the plaintiff's initial motion for judgment.

### 1.        Searching and Careful Review

Both parties agree that the APA standard of review applies. The plaintiff nonetheless argues that the Court failed to apply that standard of review in an appropriate manner. The plaintiff points to the standard articulated in *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971), *abrogated on other grounds*, *Califano v. Sanders*, 430 U.S. 99 (1977). In *Overton Park*, the Supreme Court held that courts "must consider whether the [agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Id.* at 416. As the plaintiff quotes *Overton Park*, "'[T]his inquiry into the facts is to be **searching** and **careful**.'" (ECF 28 at 3 (quoting *Overton Park, Inc.*, 401 U.S. at 416) (modification and emphasis provided by the plaintiff).) The plaintiff argues that the agency, the GAO, and the Court have all failed to make a "searching and careful" inquiry into whether the Navy's evaluation was "'based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" (*Id.* at 4 (quoting *Overton Park, Inc.*, 401 U.S. at 416).)

The standard from *Overton Park* remains the controlling standard. *See, e.g.*, *Palantir USG, Inc. v. United States*, 904 F.3d 980, 989-90 (Fed. Cir. 2018) (applying the APA's review standard articulated in *Overton Park* to an appeal of a pre-award bid protest). The plaintiff, however, selectively quotes *Overton Park*, omitting the rest of the sentence without ellipsis dots to signal the omission. The plaintiff pulled the quotation on which it relies from the Supreme Court's explanation of the *limits* of a court's review under the APA: "Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency." *Overton Park, Inc.*, 401 U.S. at 416.

In applying the APA's standard of review, the Federal Circuit has held that, in matters involving "the minutiae of the procurement process in such matters as technical ratings," courts do not second-guess the "discretionary determinations of procurement officials." *E.W. Bliss Co. v. United States*, 77 F.3d 445, 449 (Fed. Cir. 1996); *see also COMINT Sys. Corp. v. United*

5

*States*, 700 F.3d 1377, 1384 (Fed. Cir. 2012) (declining to second-guess an agency's Quality/Capability ratings) (quoting *E.W. Bliss Co.*, 77 F.3d at 449). Instead, the role of the court is to ensure the agency evaluated the proposal in accordance with the terms of the solicitation. *AshBritt, Inc. v. United States*, 87 Fed. Cl. 344, 374 (2009) ("It is a fundamental tenet of procurement law that proposals must be evaluated in accordance with the terms of the solicitation."); *see also* FAR 35.016(d) ("Proposals received as a result of the BAA shall be evaluated in accordance with evaluation criteria specified therein . . . .").

The Court conducted a searching and careful review of the Navy's technical evaluation and the administrative record. In conducting its review, the Court reviewed and considered all the arguments in the briefs and the entire administrative record. *See Squire Sols., Inc.*, 2021 WL 4805540, at *3 n.3 (identifying a discrepancy in the administrative record that the plaintiff itself does not appear to have uncovered or, if it did, failed to bring to the Court's attention). The Court cited in the memorandum opinion only a few representative examples of the plaintiff's challenges, but these representative examples were just that—representative. The plaintiff challenged "seemingly every weakness identified by the evaluators and not[ed] strengths allegedly ignored." *Id.* at *15. The BAA, however, provided the evaluators with broad criteria for evaluating proposals. The Court reviewed each of the plaintiff's objections and ultimately found that "[t]he strengths and weaknesses identified by the evaluators were consistent with the BAA's criteria, as summarized by the Topic Chair." *Id.* at *16.

The Court engaged in the "searching and careful review" the plaintiff urges but took care not to "substitute its judgment for that of the agency." *See Overton Park, Inc.*, 401 U.S. at 416. The plaintiff's first argument is rejected.

## 2.    Defendant's Engagement with the Merits

The plaintiff argues that the Court should not have granted the defendant's cross-motion for judgment because neither the defendant's opening brief nor its reply brief on that motion "made the slightest effort even to attempt to defend the evaluation errors" alleged by the plaintiff. The plaintiff argues that the defendant's alleged lack of engagement on the merits fails the "'essential purpose'" of the APA and other applicable statutes. (ECF 28 at 3-4 (quoting *Potomac Plaza Terraces, Inc. v. QSC Prods., Inc.*, 868 F. Supp. 346, 352 (D.D.C. 1994).) Given that the Court rejected the defendant's jurisdictional and standing defenses, the plaintiff argues that the defendant's failure to engage with and rebut the plaintiff's arguments on the merits should result in the Court finding for the plaintiff on these issues. (*Id.* at 22-23.)

The plaintiff's argument is unavailing for two reasons: the defendant has not waived an argument on the merits, and the plaintiff still has not met its burden of proof.

In general, "a party waives issues not raised in its opening brief." *Brooks Range Cont. Servs., Inc. v. United States*, 101 Fed. Cl. 699, 708 (2011). In its opening brief, the defendant argued that the Navy did not abuse its discretion, act arbitrarily and capriciously, or act contrary to law when the Navy decided not to fund the plaintiff's proposal. (ECF 18 at 42-46.) The plaintiff is correct that the defendant did not address in detail the plaintiff's arguments on the merits and, rather, spent the bulk of its briefing on its motion to dismiss. Although the

defendant's argument on the merits was thin and not especially helpful to the Court, the defendant did engage on the merits. The defendant, therefore, has not waived the argument that the Navy's evaluation was proper.

In addition, the burden of proof remains on the plaintiff. Under the APA's standard of review, courts determine "whether the contracting agency provided a coherent and reasonable explanation of its exercise of discretion, and *the disappointed bidder bears a 'heavy burden' of showing that the award decision had no rational basis*." *Banknote Corp. of Am. v. United States*, 365 F.3d 1345, 1351 (Fed. Cir. 2004) (quoting *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1332-33 (Fed. Cir. 2001)) (internal quotation marks omitted) (emphasis added). The Court cannot find for a plaintiff that has not met that burden, regardless of the quality of the defendant's rebuttal.

Because the defendant did not waive an argument on the merits, and the plaintiff failed to meet its burden of persuasion, the plaintiff's second ground for reconsideration is rejected.

### 3.   Disparate Perspectives

The plaintiff challenges the Court's finding that "'the existence of disparate perspectives on Squire's proposal does not demonstrate that the evaluations themselves were irrational or arbitrary and capricious.'" (ECF 27 at 14 (quoting *Squire Sols., Inc.*, 2021 WL 4805540, at *16).) The plaintiff argues that this finding "appears to understate the governing standard regarding disparate treatment" that, "[w]hen 'nearly identical proposals' are evaluated in 'materially different' manners, a protest is sustained." (ECF 28 at 14 (quoting *CIGNA Gov't Servs., LLC*, B-401062.2; B-401062.3, 2010 CPD ¶ 283 (Comp. Gen. May 6, 2009).) According to the plaintiff, it follows that "when *the same* proposal is evaluated in materially different manners, by different evaluators, the protest should be sustained." (*Id.* (emphasis in original).) For support, the plaintiff relies on *Beta Analytics Int'l, Inc. v. United States*, 67 Fed. Cl. 384 (2005). According to the plaintiff, that protest was sustained because "an evaluator named Aronson evaluated the protestor's proposal in a manner that was out of line with other evaluators." (ECF 28 at 14.)

The plaintiff mischaracterizes *Beta Analytics*. In that case, the administrative record included a second set of score sheets from the same evaluators. *Beta Analytics*, 67 Fed. Cl. at 407. On the second set, Aronson gave a score to an offeror different from the score she had provided for the first set. *Id.* The defendant provided no explanation for the second set of scores. *Id.* The court found that "[n]o reason exists in the record for the use of one group of factor scores as opposed to the other, made by the same evaluators." *Id.*

*Beta Analytics* is not analogous to this case. Here, the critical fact is that the plaintiff is alleging disparate ratings among *different* evaluators. As the Court explained in its memorandum opinion, "disparate views among evaluators ought to be the expected outcome when experts are asked to review innovative research and development projects." *Squire Sols., Inc.*, 2021 WL 4805540, at *16. Requiring all evaluators to give the same ratings would defeat the purpose of having more than one evaluator. The plaintiff's argument is itself illogical and presents no basis for reconsideration.

### 4.  Relitigate Old Matters

Although the plaintiff attempts to portray the Court's analysis as deficient, the plaintiff ultimately points to no specific failures of the Court to inquire into the alleged errors in the Navy's evaluation.  Instead, the plaintiff devotes most of its motion to reasserting arguments it made at the motion-for-judgment stage and engages only sparingly with the opinion that the plaintiff is asking the Court to reconsider.  Notably, the plaintiff includes an almost five-page section of argument quoted directly from the plaintiff's protest before the GAO.  (ECF 28 at 8-13.)  Motions for reconsideration do not afford parties the opportunity to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Exxon Shipping*, 554 U.S. at 485 n.5 (internal quotation and citation omitted).  The plaintiff's argument that the Court erred by not considering the alleged evaluation errors carefully enough is an attempt merely to relitigate arguments that the Court previously considered and found unconvincing.

### B.  FAR Standards

The plaintiff argues in its motion for reconsideration that the Court failed to resolve whether the evaluators' conduct comports with standards established in the FAR.  In its motion for judgment on the administrative record, the plaintiff cited several FAR provisions in raising its bad-faith or bias claim.  (ECF 17 at 32.)  Specifically, the plaintiff cited the following provisions:

- "Contracting officers shall . . . [e]nsure that contractors receive impartial, fair, and equitable treatment."  FAR 1.602-2(b).

- Among the guiding principles for the Federal Acquisition System, "[t]he Federal Acquisition System will . . . [p]romot[e] competition . . . [and] [c]onduct business with integrity, fairness, and openness . . . ."  FAR 1.102(b)(1)(iii) & (b)(3).

- "Government business shall be conducted in a manner above reproach and, except as authorized by statute or regulation, with complete impartiality and with preferential treatment for none."  FAR 3.101-1.

- "A high level of business security must be maintained in order to preserve the integrity of the acquisition process."  FAR 5.401(a).

In its motion for reconsideration, the plaintiff now attempts to separate its argument alleging violations of the FAR from its bad-faith claim, but the issues are intertwined.  At issue is a single paragraph of the plaintiff's motion for judgment alleging that the Navy violated the above-cited FAR provisions.  In the plaintiff's motion, that paragraph is found under the heading, "This Procurement Has Been Disfigured by Bias, Bad Faith and Retaliation."  (ECF 17 at 31 (bold and underline omitted).)  The actions alleged to have violated the FAR could refer only to the alleged actions of bad faith.  The section opens by making this connection: "The administrative record provides overwhelming evidence of *open hostility toward Squire*, which plainly dominated the re-evaluation and re-re-evaluation of Squire's proposal.  *These actions* violate the FAR."  (*Id*. at 31-32 (emphasis added).)  To what else would "[t]hese actions" refer

other than the alleged acts of "open hostility"?  The plaintiff's argument that the Navy violated the FAR must be premised on allegations of bad faith.

Even more telling, the plaintiff included a footnote linking the alleged FAR violations to allegations of bad faith: "*Allegations of bad faith* often are argued to the Court under what amounts to a common-law standard, addressed below.  This always has been something of a puzzle to undersigned counsel, since there are multiple provisions in the FAR that, both on their face and as applied, prohibit *such misconduct*." (*Id.* at 32 n.38 (emphasis added).)  Again, the plaintiff premised the alleged violations of the FAR on its allegations of bad faith.

Instances of bad faith or bias do violate the cited FAR provisions, but the Federal Circuit has established a high standard for proving claims of bad faith.  Courts presume that government officials "carry out their duties in good faith."  *Spezzaferro v. F.A.A.*, 807 F.2d 169, 173 (Fed. Cir. 1986).  To overcome that presumption, the Federal Circuit has adopted the "clear and convincing" burden of proof.  *Am-Pro Protective Agency, Inc. v. United States*, 281 F.3d 1234, 1239-40 (Fed. Cir. 2002).

The Court applied this governing standard to the plaintiff's claim and found that the plaintiff had "not overcome the presumption that the Navy acted in good faith."  *Squire Sols., Inc.*, 2021 WL 4805540, at *18.  Accordingly, the Court did not separately analyze the alleged FAR violations because the plaintiff had inextricably premised the alleged violation of the FAR on its allegation of bad faith.  To be sure, an allegation of bad faith is not required to violate the cited FAR provisions; the claims may be distinct, and other agency actions may violate these FAR provisions.  The plaintiff here, however, based the alleged FAR violations on allegations of the Navy's bad faith and, therefore, had to meet the bad-faith standard to overcome the presumption of good faith.

For the first time, possibly recognizing its mistake in hinging its claim on allegations of bad faith, the plaintiff argues in its motion for reconsideration that the Navy acted with improper "gamesmanship." (ECF 28 at 24-25.)  The plaintiff argues that the evaluators' emails reflected gamesmanship, as defined by Dictionary.com:

> (1) the use of methods, especially in a sports contest, that are dubious or seemingly improper but not strictly illegal.

> (2) the technique or practice of manipulating people or events so as to gain an advantage or outwit one's opponents or competitors.

(*Id.* at 25 (quoting https://www.dictionary.com/browse/gamesmanship).)

Not only does the plaintiff appear to be dressing up its bias or bad-faith claim in new gamesmanship clothes, but the plaintiff had not alleged gamesmanship in its complaint or at the motion-for-judgment stage.

During the consideration of the parties' motions for judgment, the Court thoroughly reviewed the parties' briefs and evidence in the record, including the two declarations submitted by the plaintiff and the evaluators' emails.  As previously noted, a motion for reconsideration

does not provide a losing litigant with an opportunity to "raise arguments . . . that could have been raised prior to the entry of judgment." *Exxon*, 554 U.S. at 485 n.5.  Ultimately the Court found that "the plaintiff offer[ed] only allegations of bias without supporting facts."  *Squire Sols., Inc.*, 2021 WL 4805540, at *18.  The plaintiff has not pointed to facts in the record the Court overlooked and has otherwise failed to show that the Court made a clear factual or legal error to arrive at that conclusion.

### C.   Injunctive Relief

As a final matter, injunctive relief is inappropriate in this case.  Taking issue with a footnote of the Court's memorandum opinion, the plaintiff argues that the Court can and should order remedial injunctive relief.  (ECF 28 at 25-26.)  In footnote 13, the Court noted the potential relief that would have been available to the plaintiff if it had succeeded on the merits: "Even if the Court had found for the plaintiff on the merits, given the Navy's broad discretion under the SBIR program, any injunction could have directed the Navy to re-evaluate Squire's proposal only if the Navy decided to exercise its discretion to make more awards."  *Squire Sols., Inc.*, 2021 WL 4805540, at *18 n.13.  The Court's comment on hypothetical relief has no effect on the plaintiff, given that the plaintiff's claims failed on the merits.

## IV.   CONCLUSION

The plaintiff has not demonstrated that reconsideration is needed "to correct clear factual or legal error or prevent manifest injustice."  *See Biery*, 818 F.3d at 711.  In its memorandum opinion, the Court applied the appropriate standards of review and conducted a thorough and searching review of the record.  Accordingly, the plaintiff's motion for reconsideration (ECF 28) is **DENIED**.

The parties shall review this decision and notify the Court no later than **December 17, 2021**, of any proposed redactions to the opinion so that the Court may publicly issue the opinion.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**